UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STEPHEN W. C.,

                        Plaintiff,

    v.                                                  1:24-cv-00546 (AMN/PJE)

COMMISSIONER OF SOCIAL
SECURITY,

                        Defendant.

---

**APPEARANCES:**                                                  **OF COUNSEL:**

**HILLER COMERFORD**                                 **JUSTIN M. GOLDSTEIN, ESQ.**
**INJURY & DISABILITY LAW**
6000 North Bailey Avenue – Suite 1a
Amherst, New York 14226
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**     **VERNON NORWOOD, ESQ.**
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.    INTRODUCTION**

On April 19, 2024, Plaintiff Stephen W. C.[1] commenced this action pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income benefits

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

("SSI") under the Social Security Act. Dkt. No. 1 ("Complaint"). Plaintiff sought and received leave to proceed *in forma pauperis*. Dkt. Nos. 3, 7.

This matter was referred to the United States Magistrate Judge Paul J. Evangelista, who, on August 4, 2025, recommended that the Court grant Plaintiff's cross-motion for judgment on the pleadings, Dkt. No. 13, deny the Commissioner's cross-motion for judgment on the pleadings, Dkt. No. 15, and reverse and remand the Commissioner's decision for further proceedings. Dkt. No. 17 ("Report-Recommendation"). Magistrate Judge Evangelista advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 27.[2] Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc.*

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

*Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Evangelista concluded that the findings of the Administrative Law Judge ("ALJ") are unsupported by substantial evidence and remand is required for consideration of all medical evidence. *See* Dkt. No. 17 at 25-26. Specifically, Magistrate Judge Evangelista found that the ALJ erred in evaluating the medical evidence of record, which tainted his Residual Function Capacity ("RFC") determination and ultimate finding that Plaintiff was not disabled as defined in the Social Security Act. *See id.* at 6, 25-26.

First, Magistrate Judge Evangelista concluded that the ALJ's decision failed to properly evaluate all medical source opinions of record by omitting discussion of Dr. Bortnik's neuropsychological evaluation, which identified greater limitations than those reflected in the RFC assessment. *See id.* at 13-15 (finding Dr. Bortnik's medical opinion relevant to the RFC analysis); *see also*, *Kathleen M. v. Comm'r of Soc. Sec.*, No. 20-cv-1040, 2022 WL 92467, at *9 (N.D.N.Y. Jan. 10, 2022) (citations omitted) ("To determine a claimant's residual functional capacity, the ALJ must consider 'all of the relevant medical and other evidence,' 'including limitations that result from ... symptoms.'").

Additionally, Magistrate Judge Evangelista found that the ALJ erred by failing to adequately evaluate the supportability and consistency of Dr. Azad's reaching limitation opinion.

*See* Dkt. No. 17 at 19-20 (concluding that the ALJ's explanation for rejecting Dr. Azad's reaching limitation opinion "does not provide any meaningful analysis" to satisfy the supportability factor and fails to discuss the consistency factor as it applies to Dr. Azad's reaching limitation opinion); *see also*, *Alvarado v. O'Malley*, No. 22-cv-9173, 2024 WL 1073293, at *9 (S.D.N.Y. Jan. 30, 2024), report and recommendation adopted, No. 22-cv-9173, 2024 WL 1344064 (S.D.N.Y. Mar. 29, 2024) (citations omitted) ("Beyond merely *considering* the supportability and consistency of medical source opinions, the ALJ must *explain* in his decision how he analyzed those factors.") (emphasis in original).  Magistrate Judge Evangelista also determined that the ALJ's decision to reject Dr. Azad's reaching limitation opinion improperly relied upon Plaintiff's activities of daily living ("ADL") by failing to explain how Plaintiff's ADL demonstrated "an ability to perform light work or maintain regular employment" and "fail[ing] to consider any qualifications or limitations [P]laintiff placed on his ADL."  Dkt. No. 17 at 21-22.

Finally, Magistrate Judge Evangelista found that the ALJ's decision to reject the adoption of Plaintiff's reported manipulative limitations into the RFC assessment does not identify or discuss the objective medical evidence upon which the ALJ relied or explain how such evidence refutes Plaintiff's reported manipulative limitations and Dr. Azad's finding of a positive Tinel's sign.[3]  *See* Dkt. No. 17 at 23-25.  Accordingly, Magistrate Judge Evangelista concluded that the ALJ's RFC determination is unsupported by substantial evidence.

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.  *See, e.g., Loucks v. Kijakazi*, No. 21-1749,

---

[3] "Tinel's sign is a test used to determine whether a nerve is irritated.  Tinel's sign is positive when light tapping over the nerve results in a tingling, or feeling pins and needles, in the distribution of the nerve.  In carpal tunnel syndrome, . . . Tinel's sign is often positive, which results in tingling in the thumb, index, and middle fingers." *Michelle B. v. Comm'r of Soc. Sec.*, No. 18-cv-171, 2019 WL 464975, at *5 n.11 (N.D.N.Y. Feb. 6, 2019) (internal quotations and citation omitted).

4

2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (summary order) ("Here, the ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record.").

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 17, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's cross-motion for judgment on the pleadings, Dkt. No. 13, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's cross-motion for judgment on the pleadings, Dkt. No. 15, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's final decision is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with the Report-Recommendation, Dkt. No. 17; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 26, 2025
       Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge